UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JORGE RICARDO LARA,
    Petitioner,
  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION
    Respondent.

PRISONER
Case No. 3:10cv1080 (JBA)

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Jorge Ricardo Lara brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his December 2003 conviction for a lewd and lascivious act on a child under the age of fourteen in violation of California Penal Code 288(a). For the reasons that follow, the petition will be transferred to the United States District Court for the Central District of California.

**I.   Discussion**

    On December 19, 2003, in the Superior Court of the State of California for the County of San Bernardino, petitioner pleaded guilty to one count of lewd and lascivious act with a child under the age of fourteen and was sentenced to three years imprisonment followed by a term of parole of three to four years. On June 2, 2006, the California Department of Corrections and Rehabilitation released petitioner to his term of parole. On January 5, 2008, petitioner's parole officer informed him that his term of parole

had been extended to 2011. Petitioner appealed this decision using the administrative remedy process of the California Department of Corrections and Rehabilitation. On May 18, 2009 and June 16, 2009, the Region IV Parole Appeals Coordinator denied petitioner's appeals.

On September 11, 2009, petitioner filed a petition for writ of habeas corpus in the Superior Court of the State of California for the County of San Bernardino. The court denied the petition on September 18, 2009. The Court of Appeal for the State of California, Fourth District, Division Two, denied the appeal of the decision of the California Superior Court on October 14, 2009. On April 14, 2010, the California Supreme Court denied the appeal of the petition for writ of habeas corpus.

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a); 28 U.S.C. § 2241 (c)(3). "The first showing a [section] 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has held that an inmate who is on parole is still "in custody" for purposes of challenging his state sentence pursuant to 28 U.S.C. § 2254. *See*

*Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963).

Federal district courts may grant petitions for writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this phrase to require "nothing more than that the court issuing the writ have jurisdiction over the custodian" of the petitioner. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ ... does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, a section 2254 petition must be filed in a judicial district which can acquire *in personam* jurisdiction over the petitioner's warden or custodian. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

The petitioner is currently on parole in San Bernadino County, California. This court does not have jurisdiction over petitioner's custodian who would be his "parole officer" and "the official in charge of the parole . . . agency" who employs the parole officer who supervises petitioner or the California Department of Corrections and Rehabilitation. Rules Governing Section 2254 Cases Rule 2(b) Advisory Committee Notes (1976). Accordingly, petitioner should have filed his habeas petition in the United States District Court for the Central District of California.

Pursuant to 28 U.S.C. § 1404(a), the district court may

transfer an action to another district where the action "might have been brought" by the petitioner. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Accordingly, pursuant to 28 U.S.C. § 1404(a) and in the interests of justice, this case is **TRANSFERRED** to the United States District Court for the Central District of California, Eastern Division, 5470 Twelfth Street, Riverside, California.

        It is so ordered.

/s/
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut, this 23d day of November, 2010.